FILED02 APR '12 15:11 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BART G. BRANDRUP and JESSICA D. BRANDRUP, HUSBAND AND WIFE,<br><br>Plaintiffs,<br><br>v.<br><br>RECONTRUST COMPANY, N.A.; BANK OF AMERICA, N.A., successor by merger with BAC HOME LOANS SERVICING, LP; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-2CB, MORTGAGE PASSTHROUGH CERTIFICATES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendants. | Case No. 3:11-cv-1390-JE<br><br>CERTIFICATION ORDER |
| RUSSELL R. POWELL AND DIANE L. POWELL, husband and wife,<br><br>Plaintiffs, | Case No. 3:11-cv-1399-HZ<br><br>CERTIFICATION ORDER |

1 - CERTIFICATION ORDER

v.

RECONTRUST COMPANY, N.A.; BANK
OF AMERICA, NA; BANK OF NEW
YORK MELLON FKA THE BANK OF
NEW YORK AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST
2007-OH3, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OH3; and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

      Defendants.

---

DEANIRA MAYO AND REYNALDA PAEZ
PLANCARTE,

      Plaintiffs,

v.

RECONTRUST COMPANY, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; BANK
OF AMERICA, NA; and DEUTSCHE BANK
NATIONAL TRUST COMPANY AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF THE MORGAN STANLEY
ABS CAPITAL I INC. TRUST 2005-HE2,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-HE2,

      Defendants.

Case No. 3:11-cv-1533-PK

CERTIFICATION ORDER

---

OMID MIRARABSHAHI,

      Plaintiff,

v.

Case No. 3:12-cv-0010-HA

CERTIFICATION ORDER

2 - CERTIFICATION ORDER

RECONTRUST COMPANY, N.A.; BANK
OF AMERICA, NA; THE BANK OF NEW
YORK MELLON FKA THE BANK OF
NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF CWMBS
INC., CHL MORTGAGE PASS-THROUGH
TRUST 2007-4, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2007-4; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

        Defendants.

---

In each of the above-captioned actions, the plaintiffs filed suit alleging wrongful foreclosure under the Oregon Trust Deed Act (OTDA), ORS 86.705 *et. seq.*, and seeking declaratory and injunctive relief against the named defendants, including Mortgage Electronic Registration Systems, Inc. (MERS). The plaintiffs' claims arise from the commencement of nonjudicial foreclosure proceedings against their respective properties after they allegedly defaulted on their home loans. Pursuant to ORS 28.200 to 28.255 and Local Rule 83-15(a) of the District of Oregon, this Court certifies four questions of law to the Oregon Supreme Court.

## BACKGROUND FACTS

All plaintiffs financed the purchases of their properties through loans obtained from various lenders, with each loan evidenced by a promissory note and secured by a deed of trust. In each deed of trust, MERS is designated as the beneficiary "that is acting solely as a nominee for Lender and Lender's successors and assigns." MERS is a private electronic database that registers and tracks transfers of beneficial interests in home loans and changes in loan servicers. MERS is not a lender and did not provide financing to plaintiffs.

Plaintiffs contend, and defendants do not dispute, that their promissory notes or loans

3 - CERTIFICATION ORDER

were sold several times prior to their defaults, and that no assignments of the deeds of trust were recorded to reflect such transfers.

After the plaintiffs allegedly defaulted under their loan agreements, MERS assigned the respective deeds of trust to the entities then holding the respective notes. MERS or its successor also appointed defendant ReconTrust as successor trustee for each deed of trust. ReconTrust, a business which conducts trustee sales of residential property for nonjudicial foreclosures, then executed Notices of Default and Elections to Sell with respect to each property. MERS' assignments of the deeds of trust and the appointments of successor trustees were recorded, as were the Notices of Default and Elections to Sell. Plaintiffs then filed suit to enjoin and declare invalid the nonjudicial foreclosures of their properties.

Plaintiffs allege that defendants failed to comply with the requirements of ORS 86.735 and lacked authority to pursue nonjudicial foreclosure. Specifically, plaintiffs argue that MERS is not a legitimate beneficiary of a deed of trust under ORS 86.705(1) and has no authority to assign a deed of trust or to appoint a successor trustee. Plaintiffs also allege unrecorded assignments of the deeds of trust in violation of ORS 86.735(1) based on the transfers of their promissory notes prior to MERS' assignments of the deeds of trust.

Defendants filed motions to dismiss in all four cases and request dismissal of plaintiffs' claims with prejudice for failure to state a claim upon which relief may be granted. Defendants argue that MERS is a proper beneficiary under ORS 86.705(1) when so designated by the parties in a deed of trust. Further, defendants maintain that transfers of the notes did not trigger the recording requirements of the OTDA, because MERS remained as the beneficiary and the deeds of trust were never assigned as part of the loan transfers.

4 - CERTIFICATION ORDER

Judges in this District have rendered differing interpretations of the OTDA and its requirements when resolving similar claims and motions brought in previous cases. *See, e.g., James v. Recontrust Co.*, 2012 WL 653871 (D. Or. Feb. 29, 2012); *Reeves v. ReconTrust Co.*, 2012 WL 652681 (D. Or. Feb. 28, 2012); *Beyer v. Bank of Am.*, 800 F. Supp. 2d 1157 (D. Or. 2011); *Hooker v. Nw. Tr. Servs., Inc.*, 2011 WL 2119103 (D. Or. May 25, 2011); *Burgett v. Mortg. Elec. Registraton Sys., Inc.*, 2010 WL 4282105 (D. Or. Oct. 20, 2010). Ultimately, these issues raise important questions of Oregon law and are appropriate for certification.

## QUESTIONS PRESENTED FOR CERTIFICATION

Pursuant to ORS 28.200 to 28.255 and *Western Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364, 811 P.2d 627 (1991), this Court certifies the following questions to the Oregon Supreme Court:

1. May an entity such as MERS, that is neither a lender nor successor to a lender, be a "beneficiary" as that term is used in the Oregon Trust Deed Act?

2. May MERS be designated as beneficiary under the Oregon Trust Deed Act where the trust deed provides that MERS "holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests"?

3. Does the transfer of a promissory note from the lender to a successor result in an automatic assignment of the securing trust deed that must be recorded prior to the commencement of nonjudicial foreclosure proceedings under ORS 86.735(1)?

4. Does the Oregon Trust Deed Act allow MERS to retain and transfer legal title to a trust deed as nominee for the lender, after the note secured by the trust deed is transferred from the lender to a successor or series of successors?

5 - CERTIFICATION ORDER

The questions presented raise questions of Oregon law and are determinative of plaintiffs' claims and of several causes of action pending in this Court. It further appears to this Court that there is no controlling precedent in the decisions of the Oregon Supreme Court or Oregon Court of Appeals.

The Clerk of the Court is ordered to transmit this Certification Order, together with copies of the docket sheets containing the names and addresses of the parties' attorneys, to the Oregon Supreme Court.

DATED this 2ND day of April, 2012.

                                           Ann Aiken, Chief Judge
                                           United States District Court